# Case No. 6,601.

## In re HOLGATE.

[8 Ben. 355.] 1

District Court, S. D. New York. Feb., 1876.

COSTS IN PROCEEDINGS TO ANNUL DISCHARGE.

Costs may be awarded to the prevailing party in a proceeding to annul the discharge of a bankrupt, brought under section 5120, Rev. St.

[In bankruptcy. In the matter of John W. Holgate.]

T. Saunders, for creditor.
J. W. Lawton, for bankrupt.

BLATCHFORD, District Judge. In this case, a creditor, after the discharge of the bankrupt, applied to the court, under section 5120 of the Revised Statutes, to annul the discharge. Proofs were taken and the court dismissed the application. The bankrupt now asks that the creditor may be charged with the costs of the application. The creditor contends that there is no statute under which costs can be awarded by the court against a creditor on the dismissal of such an application, and that the court has no power in such a case to award costs against a creditor.

The proceeding provided for by section 5120 is, in form, a contestation in a separate and independent equitable suit, to which there are adversary parties. The application of the creditor is required to be in writing, and to set forth and specify particularly enumerated matters. The bankrupt is required to answer the application. There is to be a hearing. The court is to take proofs, and to make a finding on the issues, and is then to give judgment either in favor of the creditor, or in favor of the bankrupt. Here are all the elements of a formal suit. There is no section of any statute, and no general order in bankruptcy, which specifically declares that, on rendering such judgment, the court either shall or may award costs to either of the two parties against the other. The same remark is true in reference to a judgment or decree granting or refusing a discharge.

But it is well settled that the right of the prevailing party to recover costs generally, in all cases at law and in equity, in the courts of the United States, is given by acts of congress, either expressly or by necessary implication. Opinion on "Costs in Civil Cases" [Fed. Cas. Append.]; Pennsylvania v. Wheeling & Belmont Bridge Co., 18 How. [59 U. S.] 460. The power of a court of the United States to render a decree or judgment, in a

case of equitable cognizance, includes the power possessed and exercised by all courts of equity, to use its discretion to award or refuse costs, as its judgment of the right of the case, in that particular, may require. This doctrine was recognized as applicable to proceedings for a discharge, under the bankruptcy act of 1841 [5 Stat. 440], in Re Guild [Case No. 5,860]; and, in reference to proceedings under the present bankruptcy act, it is said by Judge Lowell, in Re George [Id. 5,326], that it is "clear that the district court, sitting in bankruptcy, has the discretion, like other courts of equitable jurisdiction, to give or withhold costs, in whole or in part, as it may deem just, in all proceedings not specially regulated by statute." There is no statutory provision, which either expressly or by implication forbids the awarding of costs in a case like the present.

I think this is a case in which it is proper to award costs to the bankrupt against the creditor.

HOLGATE, The ELLEN, v. The ILLINOIS. See Case No. 4,376.

# Case No. 6,602.

## HOLIDAY v. MATTHESON.

[Cited in Holiday v. Mattheson, 24 Fed. 185. Nowhere reported; opinion not now accessible.]